**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

ARTAVIAS CHOVAN COLE,                §
                                     §
          Petitioner,                §
                                     §
*versus*                             §    CIVIL ACTION NO. 1:22-CV-429
                                     §
DIRECTOR, TDCJ-ID,                   §
                                     §
          Respondent.                §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Artavias Chovan Cole, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for robbery.

The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of the court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo review* of the objections in relation to the pleadings and the applicable law.

Petitioner was originally tried for the offense of aggravated robbery. He was acquitted of that offense, but found guilty of the lesser-included offense of robbery. The conviction was reversed based on the determination that petitioner had been denied his right to self-representation. A new indictment was subsequently returned charging petitioner with robbery. He pled guilty to this offense.

Petitioner's objections, and most of his grounds for review, focus on his assertion that his conviction for robbery violated the Double Jeopardy Clause. Petitioner correctly asserts his

original indictment did not include a charge of robbery.  As stated above, however, after his conviction was reversed, a new indictment was returned which charged him with robbery. Further, as the reversal of petitioner's conviction was not based upon insufficient evidence, trying him again for the offense of robbery did not violate the Double Jeopardy Clause. *Burks v. United States*, 437 U.S. 1, 16 (1978).

The magistrate judge correctly concluded petitioner failed to establish that the rejection by the state courts of his grounds for review was contrary to, or an unreasonable application of, clearly established federal law.  Nor has he shown that the decisions of the state courts were based on an unreasonable determination of the facts in light of the evidence.  As a result, petitioner is not entitled to federal habeas relief.  *See* 28 U.S.C. § 2254(d).

## ORDER

Accordingly, the objections filed by petitioner (#36) are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge (#35) is **ADOPTED**.  A final judgment will be entered denying the petition.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability.  An appeal from a final judgment denying habeas relief may not proceed unless a certificate of appealability is issued.  *See* 28 U.S.C. § 2253.  The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).  To make a substantial showing, the petitioner need not establish that he would prevail on the merits.  Rather, he must demonstrate that the issues raised in the petition are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his grounds for review are meritorious is subject to debate among jurists of reason.  The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further.  Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.  Thus, a certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 20th day of May, 2025.

_____

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE